UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS BRADLEY,

    Petitioner,                     Case No. 2:20-cv-10175

        v.                    UNITED STATES DISTRICT COURT JUDGE
                              GERSHWIN A. DRAIN

DANIEL LESATZ,

    Respondent.

_____/

## OPINION AND ORDER GRANTING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES [2]; GRANTING THE MOTION TO HOLD THE HABEAS PETITION IN ABEYANCE [3]; GRANTING PETITIONER'S MOTION FOR AN ENLARGEMENT OF TIME [4]; AND ADMINISTRATIVELY CLOSING THE CASE

## I.     INTRODUCTION

This matter came before the Court on Petitioner Demetrius Bradley's ("Petitioner") *pro se* habeas corpus petition under 28 U.S.C. § 2254 and related documents.  Petitioner is a state prisoner at the Baraga Correctional Facility in Baraga, Michigan.  He commenced this action on January 23, 2020 by filing a Petition for Writ of Habeas Corpus (ECF No. 1); an Application to Proceed Without Prepayment of Fees (ECF No. 2); a Motion to Hold the Habeas Petition in Abeyance (ECF No. 3); and a Motion for Enlargement of Time to File Another Habeas Petition Following Exhaustion of State Remedies (ECF No. 4).  The Court will address each filing in turn.

## II.   PETITION FOR WRIT OF HABEAS CORPUS

Petitioner alleges that he was convicted in 2015 and sentenced to thirty-five to fifty-five years in prison for assault with intent to commit murder, Mich. Comp. Laws § 750.83; felony-firearm, Mich. Comp. Laws § 750.227b; and felon in possession of a firearm, Mich. Comp. Laws § 750.224f.  *See* ECF No. 1, PageID.1. On appeal from his convictions, he argued through counsel that:  (1) his videotaped statement to detectives should have been excluded from evidence; (2) he was deprived of effective assistance of counsel by his trial attorney's failure to (a) object to the  admission of the videotaped statement and (b) request a jury instruction on mere presence; and (3) he was entitled to resentencing because the trial court scored four offense variables on the basis of facts that Petitioner did not admit and the jury did not find beyond a reasonable doubt.  *Id.* at PageID.8–9.

In a *pro se* supplemental brief, Petitioner raised claims about (1) the prosecutor's comment that gunpowder was found on Petitioner's coat; (2) trial counsel's failure to object to the remark; and (3) trial counsel's failure to investigate the kind of explosive residue present on Petitioner's coat or jacket.  *Id*. at PageID.9. The Michigan Court of Appeals affirmed Petitioner's convictions on August 15, 2017, and the Michigan Supreme Court denied leave to appeal on April 4, 2018.  *Id.* at PageID.2, 9–10.

In 2019, Petitioner filed a motion for relief from judgment in which he raised the following claims:  (1) he was denied a fair trial when the prosecutor introduced evidence of uncharged criminal conduct, which identified Petitioner as a criminal who should be removed from society; (2) the search warrant for Petitioner's phone records was illegal because it was issued without probable cause, and the related evidence was inadmissible; (3) he was denied a properly instructed jury when the trial court denied his request for a cautionary instruction on dog-sniffing evidence; (4) the trial court erred when imposing costs and attorney fees without articulating reasons; (5) he was denied his constitutional right to effective assistance of counsel at trial and at sentencing; and (6) he can demonstrate cause and prejudice excusing any procedural default.  *Id*. at PageID.11.  The trial court denied the motion for relief from judgment on October 1, 2019.  *Id*.

Petitioner states that a legal writer handled his case after the trial court denied his motion for relief from judgment.  The legal writer allegedly divided Claim Four into two claims and added a claim of ineffective assistance of appellate counsel.  *See id*. at PageID.11–12.  In his Petition, Petitioner appears to be asserting all of the claims that he raised on direct appeal of his convictions and in his motion for relief from judgment as grounds for habeas relief.

### III.   APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

In his Application to Proceed without Prepayment of Fees, Petitioner alleges that he is not employed; he received no money from various sources in the past twelve months; he has no cash in a checking or savings account; and he does not own anything of value.  *See* ECF No. 2, PageID.16–17.  Furthermore, according to an account technician at Baraga Correctional Facility, Petitioner had no funds in his trust fund account at the prison as of January 16, 2020.  *See id*. at PageID.18.

The Court concludes from Petitioner's financial application and supporting documentation that he is indigent and that he should be permitted to proceed *in forma pauperis*.  Accordingly, the Court will **GRANT** Petitioner's Application to Proceed Without Prepayment of Fees [#2].

### IV.   MOTIONS TO HOLD HABEAS PETITION IN ABEYANCE AND FOR ENLARGEMENT OF TIME TO FILE ANOTHER HABEAS PETITION FOLLOWING EXHAUSTION OF STATE REMEDIES

In his Motion to Hold Habeas Petition in Abeyance, Petitioner alleges that he currently is in the process of appealing the trial court's decision on his post-conviction motion.  He asks this Court to hold his habeas petition in abeyance because he wants to exhaust his state-court remedies before pursuing habeas relief.  *See* ECF No. 3, PageID.29–30, 32.

In his Motion for Enlargement of Time, Petitioner asks the Court for thirty days to file another habeas corpus petition after the Michigan Supreme Court denies his application for leave to appeal. *See* ECF No. 4, PageID.38.

To properly exhaust state remedies, a prisoner must present each of his claims to the state courts at all levels of state-court review before raising the claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). Here, as noted above, Petitioner's grounds for habeas relief appear to be the claims that he raised in state court on direct review and the additional claims that he currently is pursuing on state collateral review. Because he appears to have exhausted state remedies for some of his claims, but not other claims, this Court is treating his habeas petition as a "mixed" petition of exhausted and unexhausted claims.

A federal district court ordinarily must dismiss a habeas petition that contains both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). However, even assuming for purposes of this opinion that Petitioner's claims are not already time-barred, he appears to believe that a dismissal of his case while he pursues his remedies in state court would result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). *See* ECF No. 4, PageID.38, ¶ 9 (stating that, according to Petitioner's legal writer,

Petitioner will have only seven days to file a habeas petition if the Michigan Supreme Court denies leave to appeal).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the gravity of the problem caused by the interplay between the habeas statute of limitations and *Lundy's* dismissal requirement.   To resolve this dilemma, the Supreme Court approved a stay-and-abeyance procedure, which permits district courts to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims.  *See id*. at 275. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–76.  This stay-and-abeyance procedure normally is available when the petitioner (1) had good cause for the failure to exhaust his state remedies first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner is engaged in intentionally dilatory litigation tactics.  *Id*. at 277–78.  If the petitioner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id*. at 278.

Here, the Court finds that Petitioner is not engaged in intentionally delaying tactics, and although some of his unexhausted claims may not be cognizable on habeas review, other claims may have merit.  Furthermore, Petitioner alleges that he did not exhaust all his claims sooner because he is not knowledgeable about the law

and he needed assistance with legal research and the preparation of appropriate pleadings. *See* ECF No. 3, PageID.30.  Therefore, it would not be an abuse of discretion to stay this case while Petitioner continues to pursue additional state-court remedies.  Accordingly, the Court will **GRANT** Petitioner's Motion to Hold Habeas Petition in Abeyance [#3] and thus closes this case for administrative purposes.

The Court will also **GRANT** Petitioner's Motion for Enlargement of Time [#4].  If Petitioner is unsuccessful in state court and wishes to re-open this case, he shall file an amended petition for the writ of habeas corpus and a motion to re-open this case within thirty (30) days of exhausting state remedies for his unexhausted claims.  Failure to comply with this order could result in the dismissal of his case.

## V.  ORDER

For the reasons given in the foregoing discussion, **IT IS ORDERED** that Petitioner's Application to Proceed Without Prepayment of Fees [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance [#3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Enlargement of Time [#4] is **GRANTED**.  If Petitioner is unsuccessful in state court on collateral review, he shall file an amended habeas corpus petition and a motion to re-open this case within thirty (30) days of exhausting state remedies for his unexhausted claims.

**IT IS FURTHER ORDERED** that this case is **CLOSED** for administrative purposes.  Nothing in this Order shall be construed as an adjudication of Petitioner's claims.  The Court, moreover, declines to speculate on whether Petitioner's claims will be barred from substantive review if, and when, he returns to this Court.

**SO ORDERED**.

Dated:  July 21, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Demetrius Bradley, No. 832901, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, Michigan 49908 on
July 21, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk