UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EMETRIUS</small> B<small>RADLEY</small>,

    Petitioner,

v.

D<small>ANIEL</small> L<small>E</small>S<small>ATZ</small>,

    Respondent.
_____/

Case No. 20-cv-10175

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER (1) DENYING IN PART AND GRANTING IN PART RESPONDENT'S MOTION TO DISMISS, (2) GRANTING PETITIONER'S REQUEST FOR A STAY AND TO HOLD THE AMENDED HABEAS PETITION IN ABEYANCE, AND (3) ADMINISTRATIVELY CLOSING THE CASE</u>**

**I.   I**<small>NTRODUCTION</small>

On January 23, 2020, *pro se* Petitioner Demetrius Bradley commenced this action by filing habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. At Petitioner's request, the Court held the habeas petition in abeyance so Petitioner could pursue additional state remedies. ECF No. 6. In December 2020, Petitioner filed an amended habeas petition and a motion to lift the stay. ECF Nos. 7, 9. The

1

Court then lifted the stay and directed Respondent Daniel LeSatz to file a responsive pleading. ECF No. 10.

Respondent recently moved to dismiss the amended habeas petition because Petitioner failed to exhaust state remedies for one part of his third claim. ECF No. 13. Alternatively, Respondent asks the Court to postpone the date for filing a response to the amended habeas petition to allow Petitioner to return to the state appellate courts and exhaust his claim. *Id.* at PageID.318.

Petitioner is currently represented by retained counsel who seeks a stay, as he agrees that Petitioner did not exhaust state remedies for one of his issues. ECF No. 15. Because both parties agree that Petitioner did not exhaust state remedies for all his claims, the Court will **DENY** Respondent's request to dismiss the amended petition and **GRANT** both Respondent's and Petitioner's requests for a stay. The Court will also postpone the date for filing a response to the amended petition and administratively close this case.

## II. Background

Petitioner was charged in Wayne County, Michigan with the following four counts: (1) first-degree murder, in violation of MICH. COMP. LAWS § 750.316; (2) assault with intent to commit murder, in violation of MICH. COMP. LAWS § 750.83; (3) felon in possession of a firearm, in violation of MICH. COMP. LAWS § 750.224f;

2

and (4) possession of a firearm during the commission of, or attempt to commit, a felony ("felony firearm"), in violation of Mich. Comp. Laws § 750.227b. Petitioner's first trial resulted in a mistrial. Although the jury found Petitioner guilty of being a felon in possession of a firearm (count three), it was unable to reach a verdict on counts one, two, and four. *See* 4/28/15 Trial Tr. (ECF No. 14-10, PageID.798-801).

The prosecution then retried Petitioner on the murder, assault, and felony-firearm counts. On November 11, 2015, the jury acquitted Petitioner of murder, but found him guilty of assault with intent to commit murder and felony-firearm. *See* 11/11/15 Trial Tr. (ECF No. 14-20, PageID.1501-02). On December 4, 2015, the trial court sentenced Petitioner to a term of thirty-five to fifty-five years in prison for the assault conviction, one to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction, with credit for 347 days already served. *See* 12/4/15 Sentencing Tr. (ECF No. 14-21, PageID.1540-41).

On direct appeal from his convictions and sentences, Petitioner raised several claims, including one claim that the trial court relied on judicial fact-finding to score offense variables 3, 4, 9, and 13 of the Michigan sentencing guidelines. The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions and sentences in an unpublished, *per curiam* opinion. *See People v. Bradley*, No.

3

331146 (Mich. Ct. App. Aug. 15, 2017).  On April 4, 2018, the Michigan Supreme Court denied leave to appeal.  *See People v. Bradley*, 501 Mich. 1043; 909 N.W.2d 256 (2018) (table decision).

In 2019, Petitioner filed a motion for relief from judgment in which he raised several new claims.  ECF No. 14-22.  The trial court denied Petitioner's motion on the basis that he had not carried his burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Bradley*, No. 15-000373-01-FC (Wayne Cty. Cir. Ct. Oct. 1, 2019); ECF No. 14-23.

On January 23, 2020, Petitioner filed his initial habeas corpus petition, a motion to hold his petition in abeyance, and a motion for enlargement to time to file a habeas petition before this Court.  ECF Nos. 1, 3, and 4.  He explained in his motion to hold his petition in abeyance that he was in the process of appealing the trial court's decision on his post-conviction motion.  ECF No. 3, PageID.29-30.

Before this Court could rule on Petitioner's motion to hold his habeas petition in abeyance, the Michigan Court of Appeals denied leave to appeal the trial court's decision on Petitioner's motion for relief from judgment.  *See People v. Bradley*, No. 352376 (Mich. Ct. App. Apr. 17, 2020); ECF No. 14-28, PageID.1829.

Additionally, Petitioner filed another motion for relief from judgment and an amended motion for relief from judgment, in which he claimed that the trial court

4

erred by scoring offense variable 3, which is physical injury to a victim, as if he had been convicted of first-degree murder. ECF Nos. 14-24 and 14-25. Petitioner relied on the Michigan Supreme Court's holding in *People v. Beck*, 504 Mich. 605; 939 N.W.2d 213 (2019), "that due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Id.,* 504 Mich. at 629, 939 N.W.2d at 227.

On July 21, 2020, this Court granted Petitioner's motion to hold his habeas petition in abeyance and administratively closed this case. ECF No. 6. The trial court subsequently denied Petitioner's second motion for relief from judgment and the amended motion, ECF No. 14-26, and the Michigan Supreme Court denied leave to appeal the trial court's decision on Petitioner's first motion for relief from judgment. *People v. Bradley*, 506 Mich. 962; 950 N.W.2d 724 (2020) (table decision).

On December 22, 2020, Petitioner filed an amended petition for the writ of habeas corpus, ECF No. 7, and a motion to lift the stay, ECF No. 9. He raised eleven claims in his amended petition. ECF No. 7, PageID.67-69. Because Petitioner alleged in his motion to lift the stay that all his issues were now exhausted, ECF No. 9, the Court re-opened this case, ECF No. 10. Petitioner's state case, however, was still pending in the Michigan Court of Appeals on Petitioner's *Beck* claim.

5

On January 20, 2022, the Michigan Court of Appeals affirmed the trial court's scoring of offense variable 3. *See People v. Bradley*, No. 355549, 2022 WL 187978, at *2 - *3 (Mich. Ct. App. Jan. 20, 2022). The Court of Appeals stated that *Beck* did not apply to Petitioner's case, and even if it did, the trial court did not consider the acquitted first-degree murder charge in its assessment of points for offense variable 3. *Id*.

### III.   LAW & ANALYSIS

Now before the Court is Respondent's motion to dismiss the amended habeas corpus petition. ECF No. 13. He asserts Petitioner did not exhaust state remedies for the portion of his third claim that cites *Beck* and challenges the trial court's scoring of offense variable 3 of the Michigan sentencing guidelines. *See* ECF No. 13, PageID.303-04 (Respondent's argument) and ECF No. 7, PageID.111-12 (Petitioner's claim that the trial court erred in scoring 100 points for offense variable 3).

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner

"invok[es] one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

The Sixth Circuit Court of Appeals has explained that, "[i]n states such as Michigan with a two-tiered appellate system—that is, those that have both an intermediate appellate court and a state supreme court—a petitioner must present his claims to the state supreme court in order to satisfy this exhaustion requirement." *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir.) (citing *O'Sullivan*, 526 U.S. at 839–40, 845), *cert. denied*, 141 S. Ct. 658 (2020); *see also Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) (explaining that, to properly exhaust state remedies, the applicant must have fairly presented the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition).

Newly retained counsel for Petitioner admits in his response to Respondent's motion to dismiss that Petitioner has not yet raised his *Beck* claim in the Michigan Supreme Court. ECF No. 15, PageID.2315. Counsel for Petitioner states, however, that Petitioner did not retain him until after the Michigan Court of Appeals issued its recent order and that he will raise the unexhausted issue in the Michigan Supreme Court before the filing deadline. *Id*. at PageID.2315-16. Thus, both parties agree that one habeas issue has not been raised in the Michigan Supreme Court.

7

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss the amended habeas corpus petition (ECF No. 13) is **DENIED IN PART** and **GRANTED IN PART**. The request to dismiss the amended petition for failure to exhaust state remedies is **DENIED**, but the alternative request to postpone the date for failing a response to Petitioner's claims is **GRANTED**. The deadline for filing a response to Petitioner's claims is postponed until further notice.

**IT IS FURTHER ORDERED** that Petitioner's recent request to stay the proceedings in this case and to hold his amended habeas petition in abeyance (ECF No. 15, PageID.2318) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's request for at least sixty days to file a motion to lift the stay after the Michigan Supreme Court disposes of his case (*see id.*) is **GRANTED**. Petitioner shall have **sixty (60) days** from the date that the Michigan Supreme Court disposes of his case to file a motion to lift the stay and a second amended petition for the writ of habeas corpus.

**IT IS FURTHER ORDERED** that this case is now administratively **CLOSED**.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 28, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

9